IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL VALTE,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. _____<br><br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

### I. INTRODUCTION AND JURISDICTION

1)   MICHAEL VALTE, JOEL CASTILLO, MICHAEL GARAY, ROBERTO HERNANDEZ, JIM HILL, JAIME RIVAS, AND WILLIAM SANCHEZ, individually and on behalf of other similarly situated persons, hereby file this Original Complaint against the United States of America, Defendant, for pay violations arising under the Customs Officer Pay Reform Act (COPRA), 19 U.S.C. § 267 *et seq.*, the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Back Pay Act ("BPA"), 5 USC § 5596.

2)   Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3)   Plaintiffs have joined in this collective action pursuant to 29 U.S.C. § 216(b) of the FLSA and also pursuant to Rules 19 and 20 of the Federal Rules of Civil Procedure.

4)   In addition to the Plaintiffs who have joined this lawsuit, this case was brought on behalf of all other similarly situated persons, that is, all persons presently or formerly employed by Defendant who attended the Detection Canine Instructor Course ("DCIC") as student instructors at any time from February 2014 through the present.

## II. PLAINTIFFS

5) Plaintiffs are employees as defined in COPRA, 19 U.S.C. § 267(e)(1) and/or FLSA, 29 U.S.C. § 203(2)(C).

6) Plaintiffs are first responders in the prevention, detection and investigation of crime as defined in 29 C.F.R. § 541.3(b)(1).

## III. FACTS

7) Plaintiffs are Customs and Border Protection ("CBP") employees who attended DCIC as students during all times relevant to this lawsuit.

8) The DCIC program is and was offered several times a year at two locations: Canine Center Front Royal ("CCFR") in Virginia and Canine Center El Paso ("CCEP") in Texas.

9) Beginning in approximately 2009, CBP required all existing Customs ("OFO") legacy canine instructors and certain other OFO officers to recertify as canine instructors by attending and passing the DCIC program.

10) OFO legacy canine instructors were required to successfully complete DCIC at either CCFR or CCEP before continuing canine instructor duties.

11) OFO canine instructors who failed DCIC were not allowed to continue canine instructor duties until repeating and successfully completing the DCIC program, if allowed to do so.

12) OFO canine instructors who were not permitted to retake DCIC, or who were otherwise unable to successfully complete DCIC, were not allowed to continue as canine instructors.

13) Indeed, failing DCIC was a serious career setback.

14) During the time periods relevant to this case, DCIC was twelve (12) weeks long.

15) During DCIC, Defendant required Plaintiffs to pass four very difficult academic examinations including a comprehensive final examination.

16) Defendant's academic DCIC exams included essay questions, definitions, pictures and diagrams which required Plaintiffs to reproduce verbatim in writing exactly the punctuation, verbiage, pictures and diagrams contained in the DCIC training materials.

17) Defendant subtracted exam points from Plaintiffs who failed to exactly reproduce the punctuation, verbiage, pictures and diagrams in the DCIC training materials (including replicating the misspelling of any words misspelled in the original training materials).

18) Defendant required Plaintiffs to achieve a grade of 90% or above to pass each of the four mandatory DCIC academic exams and Defendant immediately dismissed from DCIC any Plaintiff who failed to score a grade of at least 90% on any of the four mandatory academic exams.

19) Defendant required Plaintiffs to take and pass the four mandatory DCIC academic exams on approximately the following schedule: Exam 1 – two weeks into DCIC; Exam 2 – four weeks into DCIC; Exam 3 – seven weeks into DCIC; and Final Exam – eleven weeks into DCIC.

20) By imposing on Plaintiffs the requirements to master voluminous DCIC course materials and pass four very difficult academic examinations with grades of 90% or better, Defendant induced and required Plaintiffs to engage in intensive study and extensive memorization of DCIC course materials.

21) Defendant failed to provide Plaintiffs with any structured study time during the paid hours of DCIC for Plaintiffs to study for the four mandatory exams.

22) Instead, Defendant expected, required, encouraged, induced, suffered and permitted Plaintiffs to spend many hours studying without pay while off the clock.

23) Defendant also required Plaintiffs attending DCIC, while off the clock and not being paid, to complete "white sheets" evaluating dogs and "green sheets" evaluating dog handlers.

24) Defendant required Plaintiffs to complete and turn in white sheets and green sheets as part of the training curriculum in DCIC and Plaintiffs were graded on how they completed the homework of filling out white sheets and green sheets.

25)     Defendant provided inadequate time during the paid hours of DCIC for Plaintiffs to complete some, or all, of their white sheets and green sheets.

26)     Instead, Defendant expected, required, encouraged, induced, suffered and permitted Plaintiffs attending DCIC to spend many hours completing white sheets and green sheets as homework during their unpaid "off the clock" study time.

27)     By imposing the foregoing conditions on Plaintiffs, Defendant expected, required, encouraged induced, suffered and permitted Plaintiffs attending DCIC to study and complete homework without pay an average of: 4 to 5 hours per weeknight, 8 to 10 hours each weekend day/evening, and 4 additional hours on days before exams.

28)     Defendant's managers, instructors and supervisors knew or had reason to believe that to pass DCIC Plaintiffs were studying and doing other homework without pay after regular working hours.

29)     Defendant's managers, instructors and supervisors never told Plaintiffs attending DCIC not to study or do homework after regular working hours.

30)     Instead, Defendant's managers, instructors and supervisors expected, required, induced, allowed, encouraged, suffered and permitted Plaintiffs to study after regular working hours to pass DCIC by: telling Plaintiffs that unless they studied extensively after regular working hours they could not pass DCIC; encouraging Plaintiffs to form study groups to study together during unpaid hours during DCIC; following up with Plaintiffs to check on how their after-hours studying was going during DCIC; and continuously emphasizing the necessity of extensive study time by Plaintiffs for successful completion of DCIC.

31)     Through the foregoing activities and many others, Defendant's managers, supervisors and instructors expected, required, encouraged, induced, suffered and permitted Plaintiffs to spend many hours studying and doing homework without pay while off the clock while attending DCIC.

## IV. COPRA CLAIMS

32) Plaintiffs hereby incorporate as though fully set forth herein paragraphs 1 through 31 above.

33) Plaintiffs are "customs officers" as defined by § 267(e)(1) of COPRA.

34) Plaintiffs assert claims for full compensation for their unpaid study time and homework time while in DCIC pursuant to COPRA, 19 U.S.C. § 267.

35) Plaintiffs were required by CBP to work more than 40 hours in the administrative workweek and/or in excess of 8 hours in a day while attending DCIC.

36) Defendant failed to pay Plaintiffs for their overtime work in violation of COPRA.

37) Defendant has violated, and continues to violate COPRA by not compensating Plaintiffs for the unpaid hours they worked while in DCIC performing unpaid study time and homework time.

38) The unpaid study time and homework time worked by Plaintiffs attending DCIC was "officially assigned" to them through inducement by CBP pursuant to 19 U.S.C. § 267(a)(1) of COPRA.

39) Defendant had actual knowledge of the pattern and practice of requiring, encouraging and inducing the Plaintiffs to study without pay while off the clock and a conscious disregard for what COPRA required.

40) Defendant's violations of COPRA have been ongoing for many years in DCIC prior to the filing of this Complaint and are continuing up to the present time.

41) Defendant's violations of COPRA are widespread and involve the failure to pay for officially assigned study time and homework time while in DCIC for all Plaintiffs who have attended DCIC during the relevant time periods.

42) Plaintiffs seek compensation for their unpaid hours of work while in DCIC at 2 times the hourly rate of their basic pay pursuant to 19 U.S.C. § 267(a)(1) of COPRA.

43) Plaintiffs also seek attorney's fees and costs for these COPRA violations as authorized by 5 U.S.C. § 5596 of the BPA.

44) Plaintiffs also seek interest, compounded daily, on all amounts payable to them as authorized by 5 U.S.C. § 5596(b)(2) of the BPA.

## V. ALTERNATIVE FLSA CLAIMS

45) Plaintiffs hereby incorporate as though fully set forth herein paragraphs 1 through 44 above.

46) Pleading in the alternative, if the Plaintiffs are not entitled to compensation for their damages under COPRA, they are entitled to recover compensation for their unpaid study and homework time under FLSA.

47) Plaintiffs assert claims for full compensation for their unpaid study and homework time while in DCIC pursuant to FLSA. 29 U.S.C. § 201 *et seq*.

48) Defendant is, and at all times material hereto, was a public agency as defined by 29 U.S.C. § 203(x) of FLSA.

49) Defendant has repeatedly and willfully violated and continues to willfully violate § 207 of FLSA by not paying Plaintiffs for their hours worked in excess of forty (40) hours per week while in DCIC at a rate not less than one and one-half times the regular hourly rate at which such employees were compensated.

50) Defendant repeatedly and willfully violated, and continues to willfully violate FLSA by failing to compensate Plaintiffs for unpaid hours of mandatory study and homework time while in DCIC.

51) Defendant's willful violations of FLSA were ongoing and in conscious disregard for what FLSA required for at least three years prior to the filing of this Original Complaint and have continued to the present time.

52) Defendant had actual knowledge, or reason to know, of the pattern and practice of requiring, encouraging, inducing, suffering and permitting Plaintiffs to study and do homework without pay

while off the clock.

53) Defendant's violations of FLSA are widespread and involve the failure to pay for suffered and permitted unpaid study and homework time worked by Plaintiffs while attending DCIC.

54) Plaintiffs seek compensation for their unpaid hours of work in DCIC at one-and-one-half times their regular hourly rate of pay pursuant to 29 U.S.C. § 207 and § 216 of FLSA.

55) Plaintiffs seek an additional amount equal to their back pay as liquidated damages pursuant to 29 U.S.C. § 216(b) of FLSA.

56) Plaintiffs seek attorney's fees and costs under 29 U.S.C. § 216(b) of FLSA.

57) Written consents of each of the Plaintiffs, as required by 29 U.S.C. § 216(b), and consistent with Rules 19 and 20 of the Federal Rules of Civil Procedure, have been filed with this Complaint. *See* Exhibits "A" thru "G".

## VI. DAMAGES

58) Plaintiffs have suffered and continue to suffer damages as a result of Defendant's failure to pay them proper compensation under COPRA and/or FLSA for unpaid work they performed while attending DCIC.

59) Plaintiffs are entitled to a judgment for the full wages they are entitled to recover under COPRA, including all uncompensated wages at double pay under COPRA together with interest, attorneys' fees and costs.

60) In the alternative, Plaintiffs are entitled to judgment for the full wages they are entitled to recover under FLSA, including all uncompensated overtime wages at time-and-a-half plus an additional equal amount as liquidated damages together with attorneys' fees and costs.

## VII. PRAYER

WHEREFORE, Plaintiffs pray that judgment be granted against Defendant:

1) Ordering Defendant to pay Plaintiffs' unpaid compensation as provided by COPRA and/or

7

FLSA plus additional amounts to be calculated for interest under the BPA, liquidated damages under FLSA, attorney's fees and costs;

2) Ordering Defendant to pay interest on COPRA back pay as provided by the BPA;

2) Ordering Defendant to pay 100% liquidated damages on any FLSA back pay award;

4) Ordering Defendant to pay reasonable attorneys' fees under BPA and FLSA;

5) Ordering Defendant to pay Plaintiffs' reasonable costs in this action; and

6) Providing such further relief as is just and necessary.

Dated: August 12, 2016          Respectfully submitted,

                              By:    */s/ Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFFS AND PUTATIVE CLASS MEMBERS**